IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| SADLER CLINIC PLLC, | § § | CASE NO. 12-34546 |
| and | § § | |
| MONTGOMERY COUNTY MANAGEMENT COMPANY, LLC | § § § | CASE NO. 12-34547 |
| Debtors. | § § § | Joint Administration Requested |
| | § | (Chapter 11) |

## SUPPLEMENTAL AFFIDAVIT OF JOHN T. YOUNG, JR. IN SUPPORT OF FIRST DAY MOTIONS

Before the undersigned notary public appeared John T. Young, Jr. who, after being sworn, testified as follows:

1. I currently serve as the Chief Restructuring Officer (the "CRO") of Montgomery County Management Company, LLC ("MCMC"), and have been serving in that capacity since May 11, 2012.

2. In my capacity as the CRO, I am familiar with the daily operations, financial conditions and the books and records of MCMC and its parent company Sadler Clinic, PLLC ("Sadler"; and together with MCMC, the "Debtors"). I hereby submit this supplemental affidavit in support of the Debtors' first day motions in the above-captioned chapter 11 cases and to assist the Court and other parties-in-interest in understanding the circumstances leading up to the commencement of these cases.

## MEDICAL MALPRACTICE TAIL INSURANCE COVERAGE

3.  Based on further investigations into the Debtor's medical malpractice tail insurance coverage, the Debtors discovered that the Sadler, MCMC and the physicians are separate insureds under the medical malpractice policy. Furthermore, the premiums for insurance coverage for Sadler and MCMC are divisible from the premiums for insurance coverage of the physicians. Finally, the Debtors discovered that the Debtors already made payment of the premium related to Sadler's and MCMC's insurance coverage under the medical malpractice policy.

4.  In light for the foregoing, the Debtors have determined that the Debtors' estates are sufficiently protected from medical malpractice insurance claims. The Debtors have also determined that payment of the physician's potion of the medical malpractice insurance premium is not critical to the Debtors' estates. This is the only portion left to pay under the medical malpractice policy. Accordingly, the Debtors will not seek entry of an order authorizing the payment of the outstanding medical malpractice insurance premium.

Dated: June 19, 2012

Respectfully submitted,

By: _____
John T. Young, Jr.
Chief Restructuring Officer

[Notary Seal: LISA MARIE CIACCIO, Notary Public, State of Texas, My Commission Expires 04-12-2014]

_____
Notary Public

4·12·2014
_____
Commission Expires

3